The judgment of the court was pronounced by
Rost, J.
The plaintiff sues upon a promissory note, subscribed to his order by the defendant, Paul Cornen, and alleges that Louis Joseph Coiron, under a special power of attorney from his wife, Elizabeth Beauregard, gave to him in her name a mortgage on certain slaves belonging to the said Elizabeth to secure payment thereof; he prays that Elizabeth Beauregard be cited; that he may have judgment upon the note; and that the slaves mortgaged be sold to satisfy said judgment.
The execution of the note and mortgage is not denied. But the defence of Mrs. Coiron is, that Cornen and her husband were commercial partners ; that the note sued upon was given by Cornen for a partnership debt, and that the name of her husband was left out of it, for the purpose of giving validity to the mortgage; that she could not be security for a debt of her husband, and has derived no benefit from the contract. This defence prevailed in the first instance, and the plaintiff appealed.
The witness Holtzman has testified to the existence of the partnership of Cornen and Coiron, and that he acted as general clerk for it during its continuance. He states that the note of Cornen was given for Rhenish wine, and some cash furnished by the plaintiff to Cornen, for the firm; that he was present when the note was given, and knows all that he has stated from the books of the firm.
It is contended, in behalf of the plaintiff, that this evidence is insufficient; that primd facie the debt is not that of the firm, and that if Coiron was sued upon it, he might defeat the action by showing that he refused to pledge the credit of the firm, and that the plaintiff had dealt exclusively upon the credit of Cornen ; that the defendant might easily have proved that the debt was due by the firm, by producing its books, which were accessible to her, and that as she failed to do so, the presumption is, that the evidence would have been unfavorable ; that in order to make out her defence, Mrs. Coiron must destroy the contract with Cornen, and prove a contract between the plaintiff and Cornen and Coiron ; and that as the amount involved in that contract, is over five hundred dollars, it cannot be proved by a single witness, without corroborating circumstances.
It is true that the debt is not primd facie the debt of the firm. But the testimony of Holtzman, showing that the consideration of the note was received by the firm, made it incumbent upon the plaintiff to show that Coiron was not originally responsible for it. The books of the firm could not have been adduced in evidence by Mrs. Coiron ; the plaintiff alone had the right to call for them, and to show their contents ; and, in the language of his counsel, having failed to do so, the presumption is, that the evidence would have been unfavorable.
*110 We do not assent to the proposition, that the evidence adduced by Mrs. Coiron to prove that the consideration of the note was given to the firm, must, before it can avail her, be such as would enable the plaintiff to take advantage of it, were he to sue Coiron. If, in the attempt to evade the prohibition of the law, the plaintiff should have lost his recourse against Coiron, the fault is his own, and he must take the consequences. On the issue made, Iioltzman was competent to prove the fact he has sworn to. What evidence of it might be required in a suit between other parties, is a question not before us.
The judgment is therefore affirmed, with costs.